Colcock, J.
This action was brought to recover the value of certain goods said to have been sold and delivered by the plaintiff' to the defendants, and the evidence offered to support it was the declaration oí one of the co-partners, who had become insolvent; which declaration was made, too, a long time after the dissolution of the co-partnership. It was contended on behalf of the defendants, (or rather the only one who was said to be solvent) that if the books of original entry of the plaintiff were produced and examined, it would appear that the goods were delivered to another person; and generally, that the evidence was insufficient to prove the sale and delivery. It must be supposed that the jury thought that the acknowledgment of one co-partner would as effectually bind the firm as that of an individual would bind himself; but in this they were misinformed, for it is elear that after the dissolution *686 0f a co-partnership, no act could be done by one which would bind the rest, (unless under special cir-cumsiances:) much less can the vague, loose declaration of one co- partner be permitted to operate against ., , . . . 1 „ , tng rest; but no reason has been given for this attempt. From the general rules of evidence in such cases, the boohs of original entry should have been produced, or evidence of the delivery of the goods. I am of opinion, a new trial should be granted.
Justices Smith and Brevard concurred.